**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JOSE REYES-FIGUEROA,**

    Petitioner,

    v.                                            **CIVIL ACTION NO. 5:14cv85**
                                                                    **(Judge Stamp)**

**Warden R.A. Perdue**

    Respondent.

## AMENDED REPORT AND RECOMMENDATION[1]

### I.     BACKGROUND

On June 27, 2014 the *pro se* petitioner, Jose Reyes-Figueroa (hereinafter Petitioner), filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction and sentence imposed in the United States District Court for the Southern District of Indiana. This matter is pending before the undersigned for an initial review and Report and Recommendation.

### II.     FACTS[2]

On February 20, 2008, a superseding indictment was returned by the Grand Jury against nineteen defendants. Petitioner was named in three counts of the indictment involving distribution of a controlled substance. (Doc. No. 113). On September 21, 2009, Petitioner entered into a Plea Agreement by which he agreed to enter a plea of guilty to the offense charged in Count One of the superseding indictment which charged him with knowingly conspiring together

---

[1] The sole purpose of this Amended Report and Recommendation is to complete the last sentence in footnote six. In all other respects, except the date of entry, this Amended Report and Recommendation is identical to the original.
[2] The facts are taken from Petitioner's Criminal Docket for Case No. 3:07-cr-00042-RLY-WGH-19 available on PACER. Docket entries in this section refer to said criminal docket.

with diverse other persons, known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1). 841(b)(1)(A), and 846. (Doc.448). On that same date, Petitioner entered his plea before Judge Richard L. Young, who accepted the plea and adjudged Petitioner guilty as charged. (Doc. 449). On January 6, 2010, the United States moved to dismiss the other two counts against Petitioner, and an Order was entered that same date granting the motion. (Docs. 515 & 516). On January 11, 2010, a Judgment was entered sentencing Petitioner to a term of 120 months incarceration with 5 years supervised release and a special assessment of $100.00. Petitioner did not appeal his conviction, nor did he file a motion to vacate pursuant to 28 U.S.C. § 2255.

### III.    ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

2

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar[3], the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. *In re Vial*, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in *Jones*, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law[4].

*In Re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

In his pending petition before this Court, Petitioner asserts that he is actually innocent of the gun enhancement, and he was not charged with use of a firearm in the indictment. He further alleges that he was not fairly informed of the unindicted charge and did not have sufficient

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.
    The limitation period shall run from the last of:
    a. The date on which the judgment of conviction becomes final;
    b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255.

[4] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; *seeJones*, 226 F.3d at 330.

information to be able to admit or deny the charge or prepare for a firearm enhancement.[5] Petitioner also alleges that his lawyer turned down a plea of 57 months because he said "we could beat the whole case," and then brought him a plea of 87 months which caused him to receive a much longer sentence. For relief, Petitioner simply asks the court to grant his petition.

In order to raise his claims under § 2241, Petitioner must first establish that he is entitled to review under § 2241 by meeting the *Jones* requirements[6]. Although Petitioner has not raised the savings clause, it is clear that he does not meet its requirements. Even if he could satisfy the first and third requirements of *Jones*, he cannot satisfy the second element because the crime for which he was convicted remains a criminal offense. Therefore, because Petitioner attacks the validity of his conviction and sentence, and fails to establish that he meets the *Jones* requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition.

## IV.　RECOMMENDATION

Based on the foregoing, the undersigned recommends the petition be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the

---

[5] This assertion by Petitioner is directly contradicted by the plea agreement, which provided that "[t]he parties agree and stipulate that Defendant possessed a firearm in connection with his drug trafficking crimes pursuant to USSG § 2D1.1(b)(1) and therefore a two (2) level increase in the defendant's offense level is warranted. *See* Doc. 448, p. 5 in Case 3:07-cr-00042-RLY-WGH.

[6] *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); *see also Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal *v. Taylor*, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence **Error! Main Document Only.**is not cognizable in federal habeas corpus and such claim should be dismissed.

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 7-11-2014

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE